Date Signed:
July 30, 2013



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JERRY TUBAL and TRAVIS LEIMOMI TUBAL,<br><br>      Debtors. | Case No. 13-00885<br>Chapter 13<br><br>Re: Docket No. 17 |

### MEMORANDUM OF DECISION CONCERNING
### MOTION FOR RELIEF FROM AUTOMATIC STAY

    Continental Pacific, LLC seeks relief from the automatic stay to resume the prosecution of a state court eviction action. For the following reasons, I will grant the motion.

### FACTS

    The debtors leased certain property from Continental Pacific, LLC on a month to month basis. Continental Pacific, LLC alleges that it validly terminated the lease. The debtors deny this assertion; they allege (among other things) that the movant wrongfully failed to honor a purchase option, engaged in retaliatory

eviction, and violated state statutes protecting archeological, cultural, and historic sites.

The movant filed an action in state court to evict the debtors. The state court directed the debtors to pay their rent into a rent trust fund. The movant claims that the debtors did not do so.

The state court held trial on four days spread over a three month period. Just before the trial was set to resume, the debtors filed a chapter 13 petition. The debtors have acknowledged that they did so in order to stop the state court proceedings. They did not want the trial to resume because their attorney had suffered a stroke.

The debtors have filed schedules in which they disclose information about their financial condition under penalty of perjury. The schedules state that the debtors have no debt of any kind and that their income is substantially greater than their expenses. In other words, the debtors are solvent.

## STANDARD

The filing of the bankruptcy petition creates an automatic stay under section 362(a) of the Bankruptcy Code, which operates to enjoin specific acts against the debtor, property of the debtor and property of the estate. 11 U.S.C. §§ 362(a)(3) - (6) (2006). Continental Pacific, LLC seeks relief from the automatic stay under

U.S. Bankruptcy Court - Hawaii   #13-00885   Dkt # 60   Filed  07/30/13   Page 2 of 6

section 362(d), which authorizes courts to terminate the automatic stay for "cause." The Bankruptcy Code does not define cause; the court examines cause on a case by case basis, and in doing so has broad discretion. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 106 (B.A.P. 9th Cir. 2011).

"Cause" to lift the automatic stay can exist when the state court is a better forum than the bankruptcy court to resolve the dispute. Courts have identified several factors to consider in deciding which forum would be best suited to decide the relevant dispute:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Sonnax Indus., Inc., v. Tri Component Prods. Corp. (In re Sonnax Industries, Inc.),

U.S. Bankruptcy Court - Hawaii   #13-00885   Dkt # 60   Filed  07/30/13   Page 3 of 6

907 F.2d 1280, 1286 (2d Cir. 1990). Not all of the factors are always relevant; the court must take into account the particular circumstances of each case.

It is long established that the existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from stay. See e.g., Idaho v. Arnold (In re Arnold), 806 F.2d 937, 939 (9th Cir. 1986); Can-Alta Props., Ltd., v. State Sav. Mortg. Co. (In re Can–Alta Props., Ltd.), 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988). Filing a bankruptcy case for the sole purpose of invoking the automatic stay and disrupting state court litigation, without intending to use the special powers of the bankruptcy court to resolve or restructure the debtor's financial affairs, constitutes "bad faith." In re Silberkraus, 253 B.R. 890, 905 (Bankr. C.D. Cal. 2000) (citing cases in support). Related to this concept, it is bad faith to file for bankruptcy when the dispute is between two parties. Id. at 905-06; see also In re Stober, 193 B.R. 5, 11 (Bankr. D. Ariz. 1996) ("[Two-party] disputes are best resolved in the state court process, not bankruptcy courts.").

The court has the authority to grant in rem relief in circumstances where ordinary relief from the automatic stay does not adequately protect the secured creditor's rights. 11 U.S.C. § 105(a); Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006) ("In rem relief . . . addresses circumstances when the debtor is likely to invoke the automatic stay to

4

U.S. Bankruptcy Court - Hawaii   #13-00885   Dkt # 60   Filed  07/30/13   Page 4 of 6

frustrate foreclosure efforts through repeated filings, whether by the same or different persons.").

## DISCUSSION

Cause exists to lift the stay for two reasons.

First, the dispute between the parties should be decided in state court rather than the bankruptcy court. The state court has already devoted about four days to the trial of this case; litigating the case in the bankruptcy court would require the parties to start over, which would waste the resources of the parties and both courts. The dispute turns entirely on state law, so the greater expertise of the bankruptcy court in matters of bankruptcy law has no relevance.

The debtors will have an adequate opportunity to present their case on the merits in state court. I am not deciding who will win the fight between the debtors and the movant; I am only deciding that the fight should take place in the state court.

The debtors claim that the state court judges have made incorrect rulings and are biased against them or their attorney. The debtors will have opportunities to raise these arguments in the state court system. (The debtors also claim that I am biased against their attorney. Although this is not true, it makes it hard to understand why the debtors prefer to litigate in this court.)

U.S. Bankruptcy Court - Hawaii    #13-00885    Dkt # 60    Filed  07/30/13    Page 5 of 6

Second, the debtors filed their petition in bad faith. As the debtors' attorney stated at the hearing, the debtors filed their bankruptcy case because their attorney was ill and they wished to stop the ongoing trial in state court. <u>See</u> <u>also</u> dkt. nos. 50-1 at 4, 54 at 6-7. In other words, they filed their petition for the sole purpose of invoking the automatic stay and disrupting state court litigation. They do not need the special debt relief and restructuring remedies that the Bankruptcy Code provides. As is noted above, if the debtors' sworn schedules are correct, they are not broke. They have no debt and can easily pay their expenses. They do not need the relief that chapter 13 provides.

Further, this bankruptcy case is a two-party dispute between the debtors and the movant. The outcome of the dispute will not affect any other creditors (because there apparently aren't any other creditors). There is no reason for the debtors to be in bankruptcy.

Because this case was filed in bad faith, "in rem" relief is warranted. The eviction case should not be delayed if an alleged co-lessee of the property files a subsequent bankruptcy case.

The court will prepare and enter a separate order granting the motion.

U.S. Bankruptcy Court - Hawaii   #13-00885   Dkt # 60   Filed  07/30/13   Page 6 of 6